```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION


DAVID WELLS & TERESA WELLS,           §
                                      §
     Plaintiffs,                      §
                                      §
v.                                    §   CIVIL ACTION NO. H-12-1792
                                      §
JP MORGAN CHASE BANK, NATIONAL        §
ASSOCIATION, et al.,                  §
                                      §
     Defendants,                      §
```

## MEMORANDUM AND RECOMMENDATION

Pending before the court[1] are Defendants JPMorgan Chase Bank, National Association ("Chase") and Wells Fargo Bank, N.A., as Trustee for WaMu[2] Mortgage Pass-Through Certificates Series 2006-PRI Trust's ("WF") Motion for Summary Judgment (Doc. 39)[3]. The court has considered the motion, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendants' motion be **GRANTED**.

## I. Case Background

Plaintiffs David Wells and Teresa Wells filed this mortgage foreclosure case against Defendants.

**A.   Factual Background**

In April 2005, Plaintiffs refinanced the mortgage on their

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  Doc. 18.

[2] "WaMu" is short for Washington Mutual Bank, FA.

[3] Defendants noted errors in their names in Plaintiffs' pleading. Doc. 39, Defs.' Mot. for Summ. J. p. 1.

homestead in Katy, Texas.[4] The refinancing was accomplished through two promissory notes, one for $206,400 ("First Note") and one for $23,050 ("Second Note"), and accompanying deeds of trust ("First Deed of Trust" and "Second Deed of Trust").[5] The lender was WaMu.[6] At the time, the Fort Bend Appraisal District valued the property at $214,910.[7]

Defendant Chase, the successor in interest to WaMu, assigned the First Note and First Deed of Trust to Defendant WF on December 13, 2010.[8] On January 4, 2011, the assignment was mistakenly recorded in Harris County, Texas, instead of Fort Bend County, Texas.[9] A subsequent assignment was recorded in Fort Bend County, Texas, on April 30, 2012, reflecting the assignment of the First Note and First Deed of Trust to Defendant WF.[10]

Plaintiffs testified that they recalled last making a mortgage payment pursuant to the First Note in March 2008.[11] On February 9,

---

[4] Doc. 1-1, Ex. A-2 to Defs.' Notice of Removal, Pls.' Original Pet. p. 3 (unnumbered).

[5] See Doc. 39-2, Ex. A to Defs.' Mot. for Summ. J., 1st Note; Doc. 39-3, Ex. B to Defs.' Mot. for Summ. J., First Deed of Trust; Doc. 39-6, Ex. E to Defs.' Mot. for Summ. J., 2nd Note; Doc. 39-7, Ex. F to Defs.' Mot. for Summ. J., 2nd Deed of Trust.

[6] Id.

[7] Id.

[8] See Doc. 39-4, Ex. C to Defs.' Mot. for Summ. J., Assignment of Deed of Trust Dated Dec. 13, 2010.

[9] See id.

[10] See Doc. 39-5, Ex. D to Defs.' Mot. for Summ. J., Assignment of Deed of Trust Dated Apr. 5, 2012.

[11] See Doc. 39-15, Ex. O to Defs.' Mot. for Summ. J., Dep. of David Wells ("D. Wells") p. 81; Doc. 39-16, Ex. P to Defs.' Mot. for Summ. J., Dep. of Teresa Wells ("T. Wells") p. 40.

2012, Defendant Chase sent both Plaintiffs an "Acceleration Warning (Notice of Intent to Foreclose)."[12] The notices included statements that Plaintiffs were in default because they "failed to pay the required monthly installments commencing with the payment due July 1, 2008."[13] The notices provided Plaintiffs thirty-five days to cure the default.[14] The notices further provided that if Plaintiffs failed to cure the default, Defendant Chase would "accelerate the maturity of the Loan, . . . declare all sums secured by the Security Instrument immediately due and payable, and commence foreclosure proceedings, all without further notice to [Plaintiffs]."[15] Plaintiffs made no payments on the loan within 35 days after receiving the notices.[16]

On May 10, 2012, counsel for Defendant Chase sent Plaintiffs a notice of acceleration and foreclosure sale.[17] The notice provided that the maturity of the debt had been accelerated and noticed a foreclosure sale for June 5, 2012.[18] The notice identified Defendant Chase as the mortgage servicer and Defendant WF as the mortgagee.[19] In April 2012,

---

[12] See Doc. 39-12, Ex. L to Defs.' Mot. for Summ. J., D. Wells Acceleration Warning; Doc. 39-13, Ex. M to Defs.' Mot. for Summ. J., T. Wells Acceleration Warning.

[13] See Doc. 39-12, Ex. L to Defs.' Mot. for Summ. J., D. Wells Acceleration Warning p. D000069.

[14] See id. p. D000070.

[15] Id.

[16] See Doc. 39-15, Ex. O to Defs.' Mot. for Summ. J., Dep. of D. Wells p. 81.

[17] See Doc. 39-14, Ex. N to Defs.' Mot. for Summ. J., Notice of Acceleration & Foreclosure Sale Dated May 10, 2012.

[18] See id. p. D000191-D000192.

[19] See id. p. D000192.

3

Plaintiffs' attorney sent Defendant Chase requests for validation of the debt.[20] Defendant Chase responded within a couple of weeks with a letter listing the unpaid principal balance, the accrued interest over nearly a four-year period, the escrow advances, and other fees and advances.[21] The total amount owed was $296,759.23.[22]

B. **Procedural Background**

On June 1, 2012, Plaintiffs filed this action in the 400th Judicial District of Fort Bend County against Defendants Chase and WF seeking to enjoin Defendant WF from foreclosing on the First Deed of Trust and selling Plaintiffs' real property.[23] The original petition alleged that Defendant WF lacked authority to sell Plaintiff's property pursuant to the First Deed of Trust.[24] Plaintiffs claimed that the property was protected from forced sale under the Texas Constitution.[25] Plaintiffs further brought a claim of money had and received against Defendants and a quiet title claim against Defendant WF.[26] Plaintiff also asked for a declaration of rights among the parties, referring specifically

---

[20] See Doc. 1-1, Ex. A-2 to Defs.' Notice of Removal, Pls.' Original Pet., Attachs. G & H, Reqs. for Debt Validation.

[21] See Doc. 1-1, Ex. A-2 to Defs.' Notice of Removal, Pls.' Original Pet., Attach. I, Letter from Chase to Pls.' Att'y Dated Apr. 24, 2012.

[22] See id.

[23] See Doc. 1-1, Ex. A-2 to Defs.' Notice of Removal, Pls.' Original Pet. Plaintiffs also filed suit against Secure Financial Services, Inc. d/b/a Secure Mortgage Company Inc. ("Secure"). See id. p. 1. Plaintiff's claims against Secure were dismissed after the parties filed a joint motion for nonsuit. See Doc. 30, Order Dated Mar. 19, 2013.

[24] See Doc. 1-1, Ex. A-2 to Defs.' Notice of Removal, Pls.' Original Pet p. 2.

[25] See id. p. 3.

[26] See id. pp. 9-10.

to Defendant WF's right to foreclose, and for a temporary restraining order and a permanent injunction against foreclosure.[27]

On June 15, 2012, Defendants removed the action to this court based on diversity jurisdiction.[28] Plaintiffs filed a motion to remand shortly after, and Defendants filed a motion to dismiss in early July.[29] On February 14, 2013, the undersigned issued a memorandum and recommendation denying both Plaintiffs' motion to remand and Defendants' motion to dismiss.[30] The memorandum and recommendation was adopted on March 1, 2013.[31] Defendants filed the pending motion for summary judgment on June 28, 2013.[32] Plaintiff did not file a response.

## II.  Summary Judgment Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Brown v. City of Houston, Tex., 337 F.3d 539, 540-41 (5th Cir. 2003).  A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 271 F.3d 624, 626 (5th Cir. 2001).  To be genuine, the dispute

---

[27]   See id. at pp. 6-9, 11-13.

[28]   See Doc. 1, Defs.' Notice of Removal.

[29]   See Doc. 4, Pls.' Mot. to Remand; Doc. 5, Defs.' Mot. to Dismiss.

[30]   See Doc. 24, Am. Mem., Recommendation, & Order Dated Feb. 14, 2013.

[31]   See Doc. 26, Or. Dated Mar. 1, 2013.

[32]   See Doc. 39, Defs.' Mot. for Summ. J.

regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party. Anderson, 477 U.S. at 250; TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002).

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992). If the moving party can show an absence of record evidence in support of one or more elements of the case for which the nonmoving party bears the burden, the movant will be entitled to summary judgment. Celotex Corp., 477 U.S. at 322. In response to a showing of lack of evidence, the party opposing summary judgment must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case, demonstrating that genuine issues of material fact do exist that must be resolved at trial. Id. at 324.

When considering the evidence, "[d]oubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party." Evans v. City of Houston, 246 F.3d 344, 348 (5th Cir. 2001); see also Boston Old Colony Ins. Co. v. Tiner Assocs. Inc., 288 F.3d 222, 227 (5th Cir. 2002). The court should not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." Honore v. Douglas, 833 F.2d 565, 567 (5th Cir. 1987).

However, the nonmoving party must show more than "some

metaphysical doubt as to the material facts." Meinecke v. H & R Block of Houston, 66 F.3d 77, 81 (5th Cir. 1995). Conclusory allegations, unsubstantiated assertions, improbable inferences, unsupported speculation, or only a scintilla of evidence will not carry this burden. Brown, 337 F.3d at 541; Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002). The court must grant summary judgment if, after an adequate period of discovery, the nonmovant fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.

### III. Analysis

In their original petition, Plaintiffs alleged that Defendant WF lacked authority to sell Plaintiff's property pursuant to the First Deed of Trust. Plaintiffs claimed that the property was protected from forced sale under the Texas Constitution.[33] Additionally, based on Plaintiff's contention that Defendant WF did not have the power of sale pursuant to the First Deed of Trust, Plaintiffs brought claims of quiet title and money had and received and sought a declaration that Defendant WF had no right to foreclose and a permanent injunction against foreclosure.

1. **Section 50(a)(6)**

Plaintiffs contended in their original petition that the loans issued in connection with refinancing their mortgage are void pursuant to the Texas Constitution, Article XVI, Section 50(a)(6) ("Section

---

[33] See Doc. 1-1, Ex. A-2 to Defs.' Notice of Removal, Pls.' Original Pet p. 6.

7

50(a)(6)").[34]

Section 50(a)(6) sets forth the requirements for an enforceable home equity loan secured by a lien on the debtor's homestead. Tex. Const. art. XVI § 50(a)(6); see also Belanger v. BAC Home Loans Servicing, L.P., 839 F. Supp. 2d 871, 879 (W.D. Tex. 2011). However, Plaintiffs have not presented any evidence that their lien falls within the scope of this provision. On the contrary, Plaintiffs conceded in their original petition that the loans were executed as a "refinance" that "paid off the purchase loans of the property as well as extended additional credit to assist Plaintiffs in paying off then due property taxes."[35] In their depositions, Plaintiffs confirmed that the loans were incurred for these purposes and that they were not home equity loans.[36] Therefore, Defendants were not required to satisfy the requirements set forth in Section 50(a)(6).

**2. Other claims**

Plaintiffs' additional claims for quiet title[37] and money had and

---

[34] See id.

[35] See Doc. 1-1, Ex. A-2 to Defs.' Notice of Removal, Pls.' Original Pet. p. 3.

[36] See Doc. 39-15, Ex. O to Defs.' Mot. for Summ. J., Dep. of D. Wells pp. 56-57, 72; Doc. 39-16, Ex. P to Defs.' Mot. for Summ. J., Dep. of T. Wells pp. 40-41.

[37] "A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property." Hahn v. Love, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (internal quotation marks omitted). To prevail on a quiet title claim, a plaintiff must show "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." U.S. Nat'l Bank Ass'n v. Johnson, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.-Houston [1st Dist.] Dec. 30, 2011, no pet.) (unpublished).

received[38] and requests for declaratory and injunctive relief are all dependent on its assertion that Defendant WF was not assigned the First Deed of Trust or First Note.

Defendants have offered sufficient evidence, through the recorded assignment, that Defendant WF was the rightful holder of the First Deed of Trust and the First Note.[39] Plaintiffs have introduced no evidence to challenge the validity of this assignment. As the current assignee of the First Deed of Trust and the First Note, Defendant WF has the power to foreclose. See Tex. Prop. Code. Ann. § 51.0025; see also Martins v. BAC Home Loans Servicing, L.P., 722 F.3d 249, 252-53 (5th Cir. 2013) (finding recorded assignment sufficient evidence that defendant was the rightful holder of a mortgage).[40]

Under the Texas Property Code, a mortgage servicer may administer the foreclosure of property on behalf of a mortgagee if the two have entered into a mortgage service agreement and the required notice of sale discloses that the mortgage servicer represents the mortgagee and contains the name of the mortgagee and the address of the mortgagee or mortgage servicer. See Tex. Prop. Code Ann. § 51.0025. The notice of sale sent to Plaintiffs by Defendant Chase's counsel met these

---

[38] Money had and received is an equitable action that may be maintained to prevent unjust enrichment when one person obtains money which in equity and good conscience belongs to another. H.E.B., L.L.C. v. Ardinger, 369 S.W.3d 496, 507 (Tex. App.-Fort Worth 2012, no pet.).

[39] See Doc. 39-4, Ex. C to Defs.' Mot. for Summ. J., Assignment of Deed of Trust Dated Dec. 13, 2010; Doc. 39-5, Ex. D to Defs.' Mot. for Summ. J., Assignment of Deed of Trust Dated Apr. 5, 2012.

[40] See Doc. 39-3, Ex. B to Defs.' Mot. for Summ. J., 1st Deed of Trust p. D000019 (providing that "Lender" may invoke the power of sale and defining "Lender" as "any holder of the Note who is entitled to receive payments under the Note.")

requirements.[41]

Plaintiffs have failed to present evidence creating a genuine issue of fact as to whether Defendant WF's foreclosure on their property is improper. Given this failure, Plaintiffs' claims for quiet title and money had and received and Plaintiffs' requests for declaratory and injunctive relief cannot survive summary judgment.

### IV.  Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendants' Motion for Summary Judgment be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Rule 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 23rd day of December, 2013.

Nancy K. Johnson
United States Magistrate Judge

---

[41] See Doc. 39-14, Ex. N to Defs.' Mot. for Summ. J., Notice of Acceleration & Foreclosure Sale Dated May 10, 2012.